IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO



NEW MEXICO VOICES FOR CHILDREN,
ENLACE COMUNITARIO, SOUTHWEST
ORGANIZING PROJECT, NATIONAL
INDIAN YOUTH COUNCIL, and ALBUQUERQUE
METRO NATIVE AMERICAN COALITION,

        Plaintiffs,

vs.

                                                  No. CIV 05-0509 ACT/KBM

THE REGENTS OF THE UNIVERSITY OF NEW
MEXICO, d/b/a/ THE UNIVERSITY OF NEW
MEXICO HEALTH SCIENCE CENTER, SANDRA
BEGAY-CAMPBELL, DOUGLAS BROWN, MEL
EAVES, JACK FORTNER, JAMES KOCH,
ROSALYN NGUYEN, and RAYMOND SANCHEZ,
in their official capacities,

        Defendants.

## ANSWER TO COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DECLARATORY AND INJUNCTIVE RELIEF

        For its answer to Plaintiffs' Complaint for Violation of Civil Rights and

Declaratory and Injunctive Relief ("Complaint"), Defendants the Regents of The University of

New Mexico, d/b/a/ The University of New Mexico Health Science Center, Sandra Begay-

Campbell, Douglas Brown, Mel Eaves, Jack Fortner, James Koch, Rosalyn Nguyen, and

Raymond Sanchez state as follows:

### FIRST DEFENSE

        1.    The allegations contained in paragraph 1 of the Complaint set forth legal

conclusions and do not require a response. To the extent that any of the allegations contained in

paragraph 1 of the Complaint require a response, Defendants state that the Complaint speaks for

-1-



itself and should be read in its entirety.  Defendants expressly deny that the interpretation services provided at the University of New Mexico Health Sciences Center ("UNMH") are insufficient, or discriminate in any way against non-English speaking residents of New Mexico, or that they in any way violate Plaintiffs' members' civil rights under the United States Constitution, federal law or the New Mexico Constitution.  Defendants further deny that Plaintiffs are entitled to the relief requested in Paragraph 1 of the Complaint.  All inconsistent and/or inaccurate allegations are denied.

2.     The allegations contained in paragraph 2 of the Complaint set forth legal conclusions and do not require a response.  To the extent that any of the allegations contained in paragraph 2 of the Complaint require a response, Defendants state that the Complaint speaks for itself and should be read in its entirety.  Defendants expressly deny that the interpretation services provided at UNMH are insufficient, or that they in any way violate Plaintiffs' members' rights under the United States Constitution, federal law or the New Mexico Constitution. Defendants further expressly deny that they have violated Plaintiffs' members' rights through any form of discriminatory conduct or that they have in any prohibited Plaintiffs' members from receiving the full and equal benefit of the law.  Defendants further deny that Plaintiffs are entitled to the relief requested in Paragraph 2 of the Complaint.  The remaining allegations contained in paragraph 2 are denied.

3.     The allegations contained in paragraph 3 of the Complaint set forth legal conclusions and do not require a response.  To the extent that any of the allegations contained in paragraph 3 of the Complaint require a response, Defendants state that the Complaint speaks for itself and should be read in its entirety.  Defendants expressly deny that the interpretation services provided at UNMH are insufficient, or that they in any way violate Plaintiffs' members'

rights under the United States Constitution, federal law or the New Mexico Constitution. Defendants further deny that Plaintiffs are entitled to the relief requested in Paragraph 3 of the Complaint. The remaining allegations contained in paragraph 3 are denied.

4.      The allegations contained in paragraph 4 of the Complaint set forth legal conclusions and do not require a response. To the extent that any of the allegations contained in paragraph 4 of the Complaint require a response, Defendants deny that any provision of the New Mexico Constitution or New Mexico statutory law either establish this Court's jurisdiction or determine the proper venue for this litigation. The remaining allegations of Paragraph 4 are admitted.

5.      As to the allegations contained in Paragraph 5 of the Complaint, Defendants deny that Plaintiff New Mexico Voices for Children's members have not received proper medical interpretation as patients at UNMH. Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations contained in paragraph 5 of the Complaint, and therefore deny same.

6.      As to the allegations contained in Paragraph 6 of the Complaint, Defendants deny that Plaintiff Enlace Communitario's members have not received proper medical interpretation as patients at UNMH. Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations contained in paragraph 6 of the Complaint, and therefore deny same.

7.      As to the allegations contained in Paragraph 7 of the Complaint, Defendants deny that Plaintiff Southwest Organizing Project's members have not received proper medical interpretation as patients at UNMH. Defendants are without knowledge or information sufficient

-3-

to form an opinion as to the truth of the remaining allegations contained in paragraph 7 of the Complaint, and therefore deny same.

8.    As to the allegations contained in Paragraph 8 of the Complaint, Defendants deny that Plaintiff National Indian Youth Council's members have not received proper medical interpretation as patients at UNMH. Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations contained in paragraph 8 of the Complaint, and therefore deny same.

9.    As to the allegations contained in Paragraph 9 of the Complaint, Defendants deny that Plaintiff Albuquerque Metro Native American Coalition's members have not received proper medical interpretation as patients at UNMII. Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations contained in paragraph 9 of the Complaint, and therefore deny same.

10.    Defendants admit the allegations of paragraph 10 of the Complaint.

11.    Defendants admit the allegations of paragraph 11 of the Complaint.

12.    Defendants admit the allegations of paragraph 12 of the Complaint.

13.    As to the allegations contained in paragraph 13 of the Complaint, Defendants admit that medical interpretation is a specific skill that often may require training and education in medical terminology, language proficiency and cultural competence. Defendants further admit that, as necessary and appropriate under the circumstances, patients with limited English proficiency may require competent medical interpretation and translation of written materials that are provided by the health care facility. The remaining allegations contained in paragraph 13 are denied.

-4-

14.    As to the allegations contained in paragraph 14 of the Complaint, the term "numerous" is vague and ambiguous.  As a result, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 14, and therefore, deny same.

15.    Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 15, and therefore, deny same.

16.    As to the allegations contained in paragraph 16 of the Complaint, Defendants admit the issue of the adequacy of interpretation services has been raised with UNMH since approximately 1997.  The remaining allegations contained in paragraph 16 are denied.

17.    Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 17, and therefore, deny same.

18.    As to the allegations contained in paragraph 18 of the Complaint, Defendants admit that, in the fall of 1997, the Community Health Partnership reported its concerns about the lack of interpretation and translation services to the Office of Risk Management and the Department of Human Resources at UNMH.  The remaining allegations contained in paragraph 18 are denied.

19.    As to the allegations contained in paragraph 19 of the Complaint, Defendants admit that UNMH contracted with an outside agency to provide bi-lingual staff with a preliminary training in medical interpretation skills.  The remaining allegations contained in paragraph 19 are denied.

20.    Defendants admit the allegations of paragraph 20 of the Complaint.

21.    The allegations of paragraph 21 of the Complaint are denied.

22.    Defendants admit the allegations of paragraph 22 of the Complaint.

23.     The allegations of paragraph 23 of the Complaint are denied.

24.     As to the allegations contained in paragraph 24 of the Complaint, Defendants admit that, in March 2000, New Mexico Voices for Children filed a compliant against UNMH with the federal Department of Health and Human Services' Office of Civil Rights. Defendants further admit that the complaint alleged that UNMH discriminated against patients on the basis of national origin because individuals of certain descent encountered difficulties in obtaining treatment at the hospital compared to patients proficient in the English language. Defendants expressly deny the truth and substance of such allegations and that such difficulties existed. The remaining allegations contained in paragraph 24 are denied.

25.     As to the allegations contained in paragraph 25 of the Complaint, Defendants admit that, as a result of the complaint filed with the Department of Health and Human Services' Office of Civil Rights, a team of investigators from the Office of Civil Rights, Region VI, came to UNMH to evaluate the interpreter services. Defendants further admit that UNMH set up the Interpreter Services Program and hired several interpreters. The remaining allegations contained in paragraph 25 are denied.

26.     As to the allegations contained in paragraph 26 of the Complaint, Defendants are without knowledge or information sufficient to form an opinion as to whether the OCR complaint is still open. The remaining allegations contained in paragraph 26 are denied.

27.     As to the allegations contained in paragraph 27 of the Complaint, Defendants admit that, in 2002, the Community Coalition for Health Care Access provided UNMH with a list of ten demands, one of which was to ensure that adequate and professional translation and interpretation services are provided to all patients who have limited proficiency in reading and/or speaking English. Defendants are without knowledge or information sufficient to form an

-6-

opinion as to the truth of the remaining allegations contained in paragraph 27, and therefore, deny same.

28.   Defendants admit the allegations of paragraph 28 of the Complaint.

29.   As to the allegations contained in paragraph 29 of the Complaint, Defendants admit that, in 2004, representatives of the Community Coalition for Health Care began regular meetings with Mr. McKernan and other administrators regarding a variety of access to health care issues.  Defendants expressly deny that the interpretation services offered at UNMH are inadequate. The remaining allegations contained in paragraph 29 are denied.

30.   As to the allegations contained in paragraph 30 of the Complaint, Defendants admit that Mr. McKernan has acknowledged that improvement in the translation/interpretation services offered at UNMH would be desirable.   The remaining allegations contained in paragraph 30 are denied.

31.   Defendants admit the allegations of paragraph 31 of the Complaint.

32.   As to the allegations contained in paragraph 32, Defendants admit that, in March 2004, Mr. McKernan distributed a "gap analysis" that showed the number of requests made to Care Management Services for interpreters that had not been met by that Department at UNMH. Defendants further admit that the document showed the number of patients entered into UNMH's master scheduling program identified as patients in need of Spanish interpretation in 2003. Defendants further admit that Mr. McKernan has acknowledged that improvement in the translation/interpretation services offered at UNMH would be desirable and that further evaluation would be useful. The remaining allegations contained in paragraph 32 are denied.

33.   Defendants admit the allegations of paragraph 33 of the Complaint.

34.   Defendants admit the allegations of paragraph 34 of the Complaint.

-7-

35.   Defendants admit the allegations of paragraph 35 of the Complaint.

36.   Defendants admit the allegations of paragraph 36 of the Complaint, but expressly state that, by early 2005, UNMH had hired three new interpreters.

37.   Defendants admit the allegations of paragraph 37 of the Complaint.

38.   Defendants admit the allegations of paragraph 38 of the Complaint, but expressly state that, by early 2005, UNMH had hired three new interpreters.

39.   Defendants admit the allegations of paragraph 39 of the Complaint.

40.   Defendants admit the allegations of paragraph 40 of the Complaint, but expressly state that, by early 2005, UNMH had hired three new interpreters.

41.   Defendants admit the allegations of paragraph 41 of the Complaint.

42.   As to the allegations contained in paragraph 42 of the Complaint, Defendants admit that this rationale was expressed.  The remaining allegations contained in paragraph 42 are denied.

43.   As to the allegations contained in paragraph 43 of the Complaint, Defendants admit that, in December 2004, an attorney from the New Mexico Center on Law and Poverty spoke at a joint Board of Bernalillo County Commissioners/Clinical Operations Board meeting about interpretation services at UNMH.  Defendants expressly deny that the interpretation services provided at UNMH are insufficient, or that they in any way violate Plaintiffs' members' rights under the United States Constitution, federal law or the New Mexico Constitution.  The remaining allegations contained in paragraph 43 are denied.

44.   The allegations of paragraph 44 of the Complaint are denied.

45.   The allegations of paragraph 45 of the Complaint are denied.

46.    As to the allegations contained in paragraph 46 of the Complaint, Defendants admit that, in 2003, approximately 46,000 new patients were identified as needed language assistance when they first encountered UNMH.  Defendants expressly state that the number 8,439 represents the patients who made formal requests for such assistance to UNMH Care Management Services.  Defendants expressly deny that these patients' needs for translation/interpreter services were not met.  The remaining allegations contained in paragraph 46 are denied.

47.    As to the allegations contained in paragraph 47 of the Complaint, Defendants admit that, during the first half of 2004, UNMH identified approximately 27,000 new patients as needing language assistance.  Defendants expressly deny that these patients' needs for translation/interpreter services were not met.  The remaining allegations contained in paragraph 47 are denied.

48.    As to the allegations contained in paragraph 48 of the Complaint, Defendants admit that, in 2004, a number of requests made to Care Management Services for interpreters had not been met by that Department.  Defendants expressly deny that these patients' needs for translation/interpreter services were not otherwise met.  The remaining allegations contained in paragraph 48 are denied.

49.    As to the allegations contained in paragraph 49 of the Complaint, Defendants admit that, in 2004, thousands of calls were made to the telephone interpretation service to request Spanish interpretation.  Defendants expressly deny that these patients' needs for translation/ interpreter services were not met.  The remaining allegations contained in paragraph 49 are denied.

-9-

50.     As to the allegations contained in paragraph 50 of the Complaint, Defendants admit that, in 2004, approximately 344 calls to the telephone interpretation service were made requesting Vietnamese interpretation.  Defendants expressly deny that these patients' needs for translation/interpreter services were not met.  The remaining allegations contained in paragraph 50 are denied.

51.     The allegations of paragraph 51 of the Complaint are denied.

52.     The allegations of paragraph 52 of the Complaint are denied.

53.     The allegations of paragraph 53 of the Complaint are denied.

54.     As to the allegations contained in paragraph 54 of the Complaint, Defendants admit that the 2000 Census reports that nearly 48,000 residents in Bernalillo County reported that they speak English less than very well.  The remaining allegations contained in paragraph 54 are denied.

55.     The allegations contained in paragraph 55 of the Complaint set forth legal conclusions and do not require a response.  To the extent that any of the allegations contained in paragraph 55 of the Complaint require a response, they are admitted.

56.     The allegations of paragraph 56 of the Complaint are denied

57.     Defendants incorporate by reference all of its admissions, denials and responses to paragraphs 1 through 56 of the Complaint.

58.     The allegations contained in paragraph 58 of the Complaint set forth legal conclusions and do not require a response.  To the extent that any of the allegations contained in paragraph 58 of the Complaint require a response, they are admitted.

59.     Defendants admit the allegations of paragraph 59 of the Complaint.

60.     The allegations contained in paragraph 60 of the Complaint set forth legal conclusions and do not require a response. To the extent that any of the allegations contained in paragraph 60 of the Complaint require a response, they are admitted.

61.     The allegations contained in paragraph 61 of the Complaint set forth legal conclusions and do not require a response. Defendants state that the statute speaks for itself and should be read in its entirety. To the extent that any of the allegations contained in paragraph 61 of the Complaint require a response, they are admitted.

62.     The allegations contained in paragraph 62 of the Complaint set forth legal conclusions and do not require a response. Defendants state that the statute speaks for itself and should be read in its entirety. To the extent that any of the allegations contained in paragraph 62 of the Complaint require a response, they are admitted.

63.     The allegations contained in paragraph 63 of the Complaint set forth legal conclusions and do not require a response. Defendants state that the statute speaks for itself and should be read in its entirety. To the extent that any of the allegations contained in paragraph 63 of the Complaint require a response, they are admitted.

64.     The allegations contained in paragraph 64 of the Complaint set forth legal conclusions and do not require a response. Defendants state that the statute speaks for itself and should be read in its entirety. To the extent that any of the allegations contained in paragraph 64 of the Complaint require a response, they are admitted.

65.     The allegations of paragraph 65 of the Complaint are denied.

66.     The allegations of paragraph 66 of the Complaint are denied.

67.     Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 67 of the Complaint, and therefore deny same.

68.     The allegations of paragraph 68 of the Complaint are denied.

69.     Defendants incorporate by reference all of its admissions, denials and responses to paragraphs 1 through 68 of the Complaint.

70.     The allegations of paragraph 70 of the Complaint are denied.

71.     The allegations contained in paragraph 71 of the Complaint set forth legal conclusions and do not require a response.  Defendants state that the statute speaks for itself and should be read in its entirety.  To the extent that any of the allegations contained in paragraph 71 of the Complaint require a response, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 71, and therefore, deny same.

72.     The allegations of paragraph 72 of the Complaint are denied.

73.     The allegations of paragraph 73 of the Complaint are denied.

74.     The allegations of paragraph 74 of the Complaint are denied.

75.     Defendants incorporate by reference all of its admissions, denials and responses to paragraphs 1 through 74 of the Complaint.

76.     The allegations of paragraph 76 of the Complaint are denied.

77.     The allegations of paragraph 77 of the Complaint are denied.

78.     The allegations of paragraph 78 of the Complaint are denied.

79.     The allegations of paragraph 79 of the Complaint are denied.

80.     The allegations of paragraph 80 of the Complaint are denied.

-12-

81.     The allegations of paragraph 81 of the Complaint are denied.

82.     Defendants incorporate by reference all of its admissions, denials and responses to paragraphs 1 through 81 of the Complaint.

83.     The allegations of paragraph 83 of the Complaint are denied.

84.     The allegations of paragraph 84 of the Complaint are denied.

85.     The allegations of paragraph 85 of the Complaint are denied.

86.     The allegations of paragraph 86 of the Complaint are denied.

87.     Defendants incorporate by reference all of its admissions, denials and responses to paragraphs 1 through 86 of the Complaint.

88.     The allegations contained in paragraph 88 of the Complaint set forth legal conclusions and do not require a response.  Defendants state that the statute speaks for itself and should be read in its entirety.  To the extent that any of the allegations contained in paragraph 88 of the Complaint require a response, they are admitted.

89.     The allegations of paragraph 89 of the Complaint are denied.

90.     The allegations of paragraph 90 of the Complaint are denied.

91.     Defendants incorporate by reference all of its admissions, denials and responses to paragraphs 1 through 90 of the Complaint.

92.     The allegations contained in paragraph 92 of the Complaint set forth legal conclusions and do not require a response.  Defendants state that the section speaks for itself and should be read in its entirety.  To the extent that any of the allegations contained in paragraph 92 of the Complaint require a response, they are admitted.

93.     The allegations of paragraph 93 of the Complaint are denied.

94.     The allegations of paragraph 94 of the Complaint are denied.

-13-

95.     Defendants incorporate by reference all of its admissions, denials and responses to paragraphs 1 through 94 of the Complaint.

96.     The allegations contained in paragraph 96 of the Complaint set forth legal conclusions and do not require a response. Defendants state that the section speaks for itself and should be read in its entirety. To the extent that any of the allegations contained in paragraph 96 of the Complaint require a response, they are admitted.

97.     The allegations of paragraph 87 of the Complaint are denied.

98.     The allegations of paragraph 98 of the Complaint are denied.

99.     The allegations of paragraph 99 of the Complaint are denied.

100.    Defendants incorporate by reference all of its admissions, denials and responses to paragraphs 1 through 99 of the Complaint.

101.    The allegations contained in paragraph 101 of the Complaint set forth legal conclusions and do not require a response. Defendants state that the section speaks for itself and should be read in its entirety. To the extent that any of the allegations contained in paragraph 101 of the Complaint require a response, they are admitted.

102.    The allegations of paragraph 102 of the Complaint are denied.

103.    The allegations of paragraph 103 of the Complaint are denied.

**SECOND DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiffs lack standing and/or the requisite capacity to prosecute this action.

## FOURTH DEFENSE

Defendants have acted in good faith at all times in connection with the matters alleged by Plaintiffs.

## FIFTH DEFENSE

Defendants have not intentionally acted to deprive Plaintiffs' members of any rights guaranteed under the United States Constitution, federal law or the New Mexico Constitution.

WHEREFORE, Defendants request that Plaintiffs' Complaint, and each of its individual counts asserting claims against them, be dismissed with prejudice and that the Court enter an award in favor of Defendants for their reasonable attorney's fees for defending this action, together with all taxable costs that may be proper in the circumstances.

Respectfully submitted

_Telephonically Approved May 9, 2005_
Charles N. Estes, Jr., University Counsel Emeritus
University Counsel Office
MSC05 3310
1 University of New Mexico
Albuquerque, New Mexico 87131-0001
Telephone:    (505) 277-5035
Facsimile:    (505) 277-4154

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____
      Andrew G. Schultz
P.O. Box 1888
201 Third St. NW #2200
Albuquerque, NM 87103-1888
Telephone:    (505) 765-5900
Facsimile:    (505) 768-7395

_Attorneys for Defendants_

-15-

We hereby certify that a true copy of
the foregoing pleading was mailed to
the following counsel of record at the
following addresses:

  Gail Evans
  New Mexico Center on Law & Poverty
  3117 Silver Ave., SE
  Albuquerque, NM  87106

  Maureen Sanders
  Sanders & Westbrook
  102 Granite, NW
  Albuquerque, NM  87102

  Nancy Simmons
  Law Offices of Nancy Simmons
  122 Tulane SE
  Albuquerque, NM  87106

this  **9th**  day of May, 2005.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____
  Andrew G. Schultz